# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>RAY A. MENDOZA,<br><br>        Defendant. | 2:09-CV-839 JCM (GWF) |

## ORDER

Presently before the court is plaintiff General Electric Capital Corp.'s (hereinafter "GE") motion for summary judgment. (Doc. #12). Pursuant to local rule 7-2(b), defendant's opposition was due January 30, 2010. To date, defendant has not responded.

Plaintiff filed its complaint in this court on May 11, 2009, based on diversity jurisdiction. 28 U.S.C. § 1332. The complaint contains the following three claims for relief: 1) breach of contract; 2) breach of covenant of good faith and fair dealing; 3) unjust enrichment.

Plaintiff's complaint stems from loans it made to R.M. Precision Swiss of Nevada (hereinafter "R.M. Precision") for equipment purchases. Defendant Ray Mendoza, president of R.M. Precision, executed a personal guaranty for the loans. Subsequently, R.M. Precision defaulted on the loans and the equipment was surrendered to GE and sold. However, the proceeds from the sale did not completely cure the default. GE is now attempting to collect the deficiency on defendant's personal guaranty.

While the failure of an opposing party to file points and authorities in response to any motion

**James C. Mahan**
**U.S. District Judge**

shall constitute a consent to the granting of the motion under LR 7-2(d), plaintiff's failure to file an opposition is an insufficient ground for summary judgment. *See Martinez v. Stanford,* 323 F.3d 1178, 1182 (9th Cir. 2003). Before this court can grant the motion, it must evaluate its merit.

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P. 56(c).

This court finds there is no genuine issue of material fact regarding plaintiff's first claim for breach of contract. Defendant's answer to plaintiff's complaint admits executing the personal guaranty. (Doc. #8, ¶7). The guaranty states that defendant will pay "all losses, costs and attorney's fees" incurred upon R.M Precision's default. Defendant's answer admits the default and the amount owed at the time of default. (Doc. #8, ¶14). Further, defendant has failed to present any evidence that he has paid the demand on the personal guaranty. Finally, plaintiff has provided extensive evidence of its damages related to defendant Mendoza's failure to satisfy his guaranty. (Doc. #12, Ex. 1 - 3). Therefore, the court finds summary judgment is appropriate on the breach of contract claim.

Plaintiff's second claim is for breach of the covenant of good faith and fair dealing. In Nevada, "every contract contains an implied covenant of good faith and fair dealing." *Ins. Co. Of the West v. Gibson Tile Co.*, 134 P.2d 698, 702 (Nev. 2006). The question of whether a party has acted in good faith is a question of fact. *Mitchell v. Bailey and Selover, Inc.*, 605 P.2d 1138, 1139 (Nev. 1980). Plaintiff's motion contains no evidence that defendant failed to act in good faith in relation to his breach. Therefore, summary judgment is denied on the claim of breach of implied covenant of good faith and fair dealing.

Plaintiff's claim for unjust enrichment fails as a matter of law. Actions based on unjust enrichment are not "available when there is an express written contract." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997). Here, there is an express, written personal

James C. Mahan
U.S. District Judge

- 2 -

1  guaranty executed by defendant. Therefore, unjust enrichment is not a viable claim and summary
2  judgment is denied.
3      Accordingly,
4      IT IS HEREBY ORDERED, ADJUDGED AND DECREED that plaintiff General Electric
5  Capital Corp.'s motion for summary judgment (Doc #12) be, and the same hereby is, GRANTED
6  in part and DENIED in part. Plaintiff's claim for breach of contract is granted and plaintiff's claims
7  for breach of covenant of good faith and fair dealing and unjust enrichment are denied. Judgment
8  is to be entered in favor of plaintiff General Electric Capital Corp. and against defendant Ray
9  Mendoza in the amount of $1,915.567.85 and interest in the amount of $752.37 per day following
10 January 13, 2010.
11     DATED April 21, 2010.

                                    /s/ James C. Mahan
                              UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**